Florian J. Bohn, by Guardian, etc., Appellant, *v.* Frederick C. Havemeyer et al., Respondents.

In an action to recover damages for injuries alleged to have been caused by defendants' negligence these facts appeared: Plaintiff was employed as shoveler in defendants' sugar refinery, upon the second floor of which there are bins for the refined sugar. In the bottom of each bin is an orifice about two feet square, through which the sugar falls into a packer. It is the duty of the shovelers, among other things, when the discharging orifice of a bin becomes clogged, to open it by running a pole down through and loosening the sugar. Plaintiff had been engaged in this work, and was acquainted with the construction of the bins and the method of discharging sugar. The orifice of a bin became clogged and plaintiff entered with a co-employe to open it. The pole not being long enough to effect the purpose, they dug down into the sugar far enough to reach the orifice with the pole. On opening it a sudden and unusual subsidence of the sugar occurred and plaintiff was drawn down and surrounded by sugar; his co-employes threw a rope around his body and pulled him out, whereby he received the injuries complained of. It was clearly proved that the bins had long been in use, and no witness was called to show that they were defectively constructed, out of repair, or that they might have been improved. The only evidence to show defendants' knowledge of the danger was that of a former employe,

who testified that it was necessary in working to go on to the sugar, and that it was liable to run in upon a person thus employed; that it happened twice to him, once the foreman being present. The questions of defendants' negligence and plaintiff's contributory negligence were submitted to the jury, who found for the defendants. *Held,* no error for which plaintiff could complain.

*It seems* the evidence was insufficient to justify the submission of the question of defendants' negligence to the jury.

Reported below, 46 Hun, 557.

(Argued April 23, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term in the second judicial department, entered upon an order made December 13, 1887, which affirmed a judgment in favor of defendants, entered upon a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*Abraham H. Dailey* for appellant. If the imperfections of the bin contributed to the accident, and the plaintiff is blameless, the master is liable. (*Cone* v. *D. L. & W. R. R. Co.,* 81 N. Y. 206.) It was negligence in the foreman not to notify the plaintiff of the danger attending that particular service, and for that kind of negligence the master is liable. (Whart. on Neg. §§ 210, 211; *Clark* v. *Holmes,* 7 H. & N. 937, 943.)

*Joseph A. Burr, Jr.,* for respondent.

FOLLETT, Ch. J. For several years before the accident, which is the subject of this action, the defendants had owned and operated a sugar refinery at Brooklyn, N. Y., in which the plaintiff was employed as a shoveler. Upon the second floor of the refinery are bins about ten feet long, five feet wide and thirteen feet deep, into which refined sugar is discharged from the mill on the third floor. A hole about two feet square is cut in the bottom of each bin through which sugar falls into a packer, which presses it into barrels. The action of the packer is automatic. When a barrel is filled a valve closes in the packer and stops the flow of sugar from

the bin; and when the filled barrel is replaced by an empty one, the valve opens and permits sufficient sugar to flow from the bin into the packer to fill the barrel. This operation is repeated until all of the sugar in the bin is barreled. It is the duty of the shovelers when the sugar is low in the bin, to shovel it towards and into the discharging orifice; and when the bin is so full that shoveling is unnecessary, it is their duty to keep the discharging orifice open. The plaintiff had been engaged in this work previous to the day of his injury and was acquainted with the construction of the bins and the method of discharging sugar from them.

Occasionally the discharging orifice in the bottom of the bin becomes clogged, and then it is the duty of the shovelers to open it by running a pole down through and loosening the sugar about the orifice. On the occasion of the accident in question, the discharging orifice became clogged and the plaintiff entered the bin with a co-employe to open it, but the depth of the sugar was so great that the pole used was not long enough to effect the purpose. A shovel was procured and they dug down into the sugar far enough to enable them to reach the orifice with the pole. After some difficulty they accomplished their purpose, and thereupon a sudden and unusual subsidence of sugar occurred, drawing the plaintiff and his co-employe downwards. The plaintiff's companion sank into the sugar, and that which was above him came down upon and suffocated him. The plaintiff, who evidently was not standing in the lowest part of the pit, was not covered like his companion, but was surrounded by sugar to a point somewhat above his waist. When in this situation his co-employes threw a rope around his body in the region of his chest and pulled him out, by which means he alleges his chest and lungs were injured. It is supposed that the sugar became caked, forming a large dome shaped crust over the discharging orifice, and that all the sugar underneath it passed through the packer into the barrels, leaving a cavity, and that the breaking of the crust caused this unusual subsidence, which, together with the fact that the shovelers were in the

pit which they had dug, was the immediate cause of their being overwhelmed.

The plaintiff, for the grounds of his action, alleged : (1), That the bin was improperly and negligently constructed ; and (2), that the defendants knowingly exposed the plaintiff to a danger unknown to him, but well known to them. In addition to a general denial, the defendants alleged that the plaintiff and his co-employe negligently contributed to the accident by permitting the crust to form, and by digging and entering a pit directly over the discharging orifice for the purpose of reaching and breaking the crust with the pole.

The undisputed evidence is that the bins had long been in use, and no witness was called to show that they were defectively constructed, out of repair or that they might have been improved. The only evidence in support of the plaintiff's second allegation was given by Neigel, a former employe in the refinery, who testified : "It is necessary to go onto the sugar or it would stop ; in doing so in working there the sugar is liable to run in upon a person so employed ; it happened twice to me ;  *  *  *  once the foreman was present when this thing occurred ; we was up on the other floor looking down at it, but a man was near me ; he lent his hand or else I would have been drawn down myself ;  *  *  *  when I was caught in the sugar I don't know whether the foreman, looking down from the floor above, was the one who lost his life on that occasion, or another one ; I went in about waist high ; the bottom of the bin was perfectly flat." This witness does not state when these occurrences happened, or who were present. It is apparent to anyone that sugar while being drawn from a bin would run and surround, to a greater or less extent, a person at work in the bin. The plaintiff had the same means of knowing the danger as the defendants, and the evidence of Neigel was insufficient to sustain a finding that defendants knowingly exposed the plaintiff to a danger unknown to him, but well known to them.

Whether the defendants were negligent, and whether the plaintiff negligently contributed to his injury, were submitted.

to the jury as questions of fact, and found for the defendants, which verdict the trial court refused to set aside.

It is urged in behalf of the appellant that the court erred in giving and refusing certain instructions to the jury, and also in ruling upon the admissibility of evidence relating to the question of damages.

After an examination of the evidence we are satisfied that it is insufficient to justify the submission to the jury of the question of defendants' negligence, and for this reason the exceptions to the charge and to the rulings upon the question of damages are unavailing.

Finding no available exceptions to the admission or exclusion of evidence relating to defendants' negligence, or to the plaintiff's contributory negligence, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.